**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

XI YANG,

               Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

               Respondent.

No. 11-73504

Agency No. A096-496-937

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

    Xi Yang, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's adverse credibility findings, *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007), and we deny the petition for review.

The record does not compel reversal of the agency's adverse credibility determination based on Yang's inability to remember when he traveled to Singapore, or whether he traveled outside of China on other occasions. *See Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir. 2003) ("So long as one of the identified grounds is supported by substantial evidence and goes to the heart of [petitioner's] claim of persecution, we are bound to accept the [adverse] credibility finding."). Yang's explanations, including memory failure, do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Yang's asylum and withholding of removal claims fail. *See Farah v. Aschcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Further, Yang's CAT claim also fails because it is based on the same statements found not credible, and he points to no other evidence in the record showing it is more likely than not he will be tortured by or with the consent or acquiescence of the Chinese government. *See id.* at 1156-57. We do not address Yang's contentions regarding the IJ's CAT analysis. *See Corpuz v. Holder*, 697

11-73504

F.3d 807, 810 (9th Cir. 2012) ("Where as here, the BIA has conducted a de novo review of the IJ's decision, we review only the decision of the BIA.").

**PETITION FOR REVIEW DENIED.**